UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS.

CIVIL ACTION NO: _____

---

**EDWARD HSIEH**
*Plaintiff*

v.

**ASIAN AMERICAN CIVIC ASSOCIATION, INC.**
**And**
**MARY CHIN**
**AND**
**RICHARD SOOHOO**
*Defendants*

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

**INTRODUCTION**

1.     This is an action under 42 U.S.C. section 2000e and M.G.L. section 151B for illegal

retaliation after complaining of gender discrimination and sexual harassment in the workplace.

This action is brought by Plaintiff Edward Hsieh, a male who worked for Defendant Asian

American Civic Association ("AACA") for approximately two years.  Defendant Chin is the

Chief Executive Officer of AACA, and Defendant Soohoo is a Board Member of AACA, both of

whom engaged in the retaliation against Plaintiff.

2.     **JURISDICTION AND VENUE**

2.      Jurisdiction over this matter lies in this Court pursuant to 28 U.S.C. §1343 (as to the §2000e claims) and pursuant to 28 U.S.C. §1367 (regarding the supplemental state claims under M.G.L. Chapter 151B).

3.      Venue in this District Court is proper because the illegal employment practices complained of herein occurred in Boston, Suffolk County, Massachusetts.  On information and belief, the employment records related to Plaintiff's employment with Defendant AACA are also located within Boston, Suffolk County, Massachusetts.

**THE PARTIES**

4.      Plaintiff Edward Hsieh is a resident of Massachusetts.

5.      Defendant Asian American Civic Association ("AACA") is a Massachusetts corporation with a principal place of business in Boston, Suffolk County, Massachusetts.

6. Defendant Mary Chin is a resident of Massachusetts.  At all times relevant to this complaint, she was the Chief Executive Officer of AACA, and one of the individuals responsible for the retaliation to which Plaintiff was subjected.

7. Defendant Richard Soohoo is a resident of Massachusetts.  At all times relevant to this complaint, he was a Board Member of AACA, and one of the individuals responsible for the retaliation to which Plaintiff was subjected.

8.      At all times relevant to this Complaint, AACA was Plaintiff's employer.  At all times relevant to this Complaint, Defendant AACA was an "employer" within the meaning of MGL Chapter 151B§5, and a person within the meaning of MGL Chapter 151B§4.  For the purposes of this complaint, AACA meets all requirements for coverage under MGL Chapter 151B.  At all times relevant to this Complaint, AACA was Plaintiff's employer within the meaning of 42 USC

§2000e, was engaged in an industry effecting commerce within the meaning of 42 USC §2000e, and in all other respects met all of the requirements for coverage under 42 §2000e.

9.      At all times relevant to this Complaint, Plaintiff performed his job in at least a satisfactory manner.

10. On 12/8/21, Plaintiff filed a timely Charge of Discrimination on the basis of retaliation with the Massachusetts Commission Against Discrimination, and the U.S. Equal Employment Opportunity Commission. Plaintiff requested that his Charge of Discrimination pending at the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission be withdrawn to allow him to file suit in Court. Those requests have been granted. A Right to Sue letter was issued by the Equal Employment Opportunity Commission to Plaintiff in relation to his claims on 2/25/22, and emailed to Plaintiff's counsel on 2/25/22. Plaintiff has therefore exhausted his administrative remedies and has timely invoked the jurisdiction of this Court.

## FACTUAL BACKGROUND

11. Plaintiff Edward Hsieh was an employee of AACA for approximately two years.   On August 9, 2021 he was retaliated against by his employer and one or more members of the Board of Directors of AACA, for having complained to the CEO of AACA and Board members, of what he believed in good faith to be conduct at AACA which constituted sexual harassment and racial discrimination. This August 9, 2021 retaliation involved the making of a false 911 call about Mr. Hsieh to the Boston Police Department. Plaintiff was also retaliated against by AACA on October 18, 2021 when his employment was terminated (which he did not learn of until November 22, 2021) for his having complained about the August 9, 2021 retaliation.

12. For several years, until the Fall of 2021, Plaintiff served as the Chief Operating Officer of AACA. He was devoted to AACA as well as to the Asian American community in Boston. Plaintiff performed his job in an outstanding manner.

13. While an AACA employee, Plaintiff had differences with the leadership of AACA regarding the operations of the organization. Plaintiff repeatedly reported to AACA Officers and to AACA Board Members, instances of sexual harassment and racially inappropriate remarks made at AACA. Plaintiff made these complaints in good faith, believing that the actions and statements of which he complained violated the laws against discrimination. The AACA Officers and Board Members were aware of his complaints.

14. Whether or not any AACA Officers or Board Members had issues with Plaintiff's work performance or his manner of conducting himself, it is clear that both the AACA Officers and Board Members were disturbed by the fact that Plaintiff, a member of the leadership team at AACA, was making repeated complaints about matters constituting harassment and discrimination.

15. Several AACA Officers and AACA Board Members determined that the best way to deal with the problems Plaintiff was revealing, was to silence him by making false claims of criminal conduct against him with the Boston Police Department. A decision was made by a committee of the AACA Board of Directors, acting with the knowledge and consent of senior AACA Officers, to place a false 911 call to the Boston Police Department about Plaintiff. Such a call was indeed placed on August 9, 2021.

16. The redacted transcript of the call which Plaintiff has obtained, and the redacted police Incident Report, show that the false 911 call indicated to the police that Plaintiff was wielding a sword at AACA headquarters, that Plaintiff was attacking or threatening other individuals with this sword, and that Plaintiff was dangerous and violent. All of this was false. The redacted Incident Report Plaintiff (on which the redactions were done imperfectly so that some of the redacted information can be read when viewed electronically) indicates that the call was made by AACA Board Member Richard Soohoo, and that he stated he was on the AACA Board of Directors. The report also indicates that AACA CEO Mary Chin stated that Plaintiff had been discussed by the Board of Directors, indicating that she knew in advance that this call would be made.

**The Events of August 9, 2021**

17. On August 9, 2021 Plaintiff reported to work at AACA as usual, and during the morning attended several meetings.

18. At approximately 1:30 p.m., at the direction of the AACA Board of Directors and with the knowledge, encouragement and approval of AACA Officers, a false and illegal 911 call was placed to the Boston Police Department indicating that a staff member at AACA was wielding a sword and threatening staff, that this individual was violent and dangerous, and that Plaintiff was this individual. This was done to retaliate gainst Plaintiff for his complaints of harassment and discrimination at AACA.

19. Soon thereafter 5 or 6 Boston Police Officers wearing tactical vests and carrying firearms including at least one shotgun, swept through the AACA building until they arrived at AACA headquarters on the 5th floor of 87 Tyler Street. At the same time, an alert went out on the

5

"Boston Citizen App" indicating that there was a "report of employee armed with sword at Asian American Civic Association at 87 Tyler Street."

20.  Fortunately, once Plaintiff communicated with the police officers, they realized immediately that Plaintiff was not a threat, that Plaintiff had not been wielding a sword, that any martial arts sword Plaintiff possessed on the premises was there with the permission of the CEO of AACA and related to Plaintiff's status as a martial arts instructor, and that the 911 call had been false.

21. Once the officers realized there was no threat, one of the officers asked another officer who it was who had called in the 911 call. AACA CEO Mary Chin jumped in and said that it had been a Board Member, and named Richard (Dick) Soohoo. As the officers left, some of the officers commented that someone needed to talk sternly to Dick Soohoo about placing false emergency calls.

22.  After this incident, and once the police had left, CEO Chin had a lengthy conversation with Plaintiff. Ms. Chin stated that Plaintiff was going to be placed on paid administrative leave immediately, and that the Board of Directors had formed a personnel committee to review Plaintiff's emailed complaints to the Board. She also stated that the Personnel Committee had met that morning and instructed Mr. Soohoo to make the phone call to the police.

23.  The next day, August 10, 2021, apparently one of the officers involved in responding to the 911 call came back to AACA to speak with Plaintiff to advise him further, due to the egregious nature of the 911 call. Plaintiff was not present. The officer indicated to another AACA employee that the 911 caller had stated that Plaintiff was actively waving the sword around and that Plaintiff was mentally ill.

24. Due to the shocking nature of this event as well as the information on the Boston Citizen App, various members of the Asian American community in Boston have become aware of this matter, and have become aware that Plaintiff was involved in this situation.

25. The August 9, 2021 retaliation event caused Plaintiff great stress, emotional pain and humiliation. Plaintiff suffers from Post Traumatic Stress Disorder due to this incident, for which he has been in treatment. After this event Plaintiff was physically and emotionally unable to return to work at AACA. Plaintiff requested and was granted Family Medical Leave Act leave from his job. Plaintiff's FMLA leave was approved in late September.

26. On August 20, 2021 Plaintiff received a text message from the CEO of AACA, Ms. Mary Chin, asking if Plaintiff could meet with her and another officer of AACA, AACA President Dr. Deeb Salem, on Tuesday August 24, 2021. In Ms. Chin's message to Plaintiff, she wrote the following: "I hope to explore with you the possibilities of returning to AACA."

27. Plaintiff did meet with Ms. Chin and with Dr. Salem on Tuesday August 24, 2021. Among other things discussed in that meeting, Ms. Chin tried to get Plaintiff to say that he never saw any discrimination or harassment and that he had never complained to her about that. Plaintiff disagreed with her on both of these issues, and said that he had verbally reported this to her, that he had copies of texts and email complaints, he repeated certain of the incidents and he made clear that there had indeed been discrimination and sexual harassment at AACA of which he had complained. Dr. Salem tried to pressure Plaintiff into saying he would return to AACA.

28. On August 27, 2021 by email and letter to Dr. Salem, AACA was made aware of Plintiff's claims that the August 9, 2021, "swatting" incident constituted illegal retaliation against Plaintiff

7

in violation of MGL chapter 151B and 42 USC section 2000e.

29. On August 29 2021, Plaintiff received another text from Ms. Chin, thanking Plaintiff for having transmitted a doctor's note regarding his request for medical leave. She also stated the following "Let's hold off on meeting until you are feeling up to it."

30. On September 23, 2021, Plaintiff's attorney transmitted a detailed explanation of Plaintiff's claims of retaliation, as well as an executed charge of discrimination, to counsel for AACA. On October 8, 2021, Plaintiff's attorney was informed by the AACA attorney that Plaintiff's employment would be terminated in 10 days. However, neither Plaintiff nor his attorney heard anything further about Plaintiff's employment being terminated until November 22, 2021, when AACA informed Plaintiff that his health and dental insurance benefits were being terminated, as his "employment was terminated as of October 18, 2021." Plaintiff had never received any documentation or information prior to November 22, 2021, indicating in any way that his employment had actually been terminated.

31. AACA decided to terminate Mr. Hsieh's employment less than two weeks after AACA became aware that he claimed the "swatting" incident constituted illegal retaliation, and similarly, lesss than two weeks after Mr. Hsieh's request for FMLA leave was approved.

32. Mr. Hsieh did not work at AACA after August 9, 2021. From that day until the date of his termination, he was either out of work on vacation leave, sick leave or approved Family Medical Leave Act leave. The only events which occurred in relation to Mr. Hsieh's employment prior to his termination and after his last day working, were AACA's receipt of a letter alleging AACA's violations of law, the receipt by counsel for AACA of a charge of retaliation, and the receipt by

counsel for AACA of a litigation hold letter. Other than these protected activities, nothing occurred after August 9, 2021, which would justify the termination of Mr. Hsieh's employment some five weeks after the "swatting" incident.

33. No mention was made of the possibility of the termination of Plaintiff's employment until two months after the "swatting incident," but only some five weeks after he claimed through his attorney to AACA that the swatting incident itself violated MGL Chapter 151B and 42 USC section 2000e.

34. Plaintiff's employment was terminated by AACA, apparently on October 18, 2021, in retaliation against Plaintiff for having complained of illegal discrimination and harassment in his workplace, and for later having alleged that the "swatting" incident constituted illegal retaliation.

35. The only reason the false 911 call was made, was to punish Plaintiff and to retaliate against him for having made complaints to management at AACA of sexual harassment and racial and gender discrimination. Plaintiff was fired for having made these complaints, for refusing to retract his complaints, and for complaining about the illegality of the swatting incident.

36. Due to their actions, Mary Chin and Richard Soohoo are individually liable under MGL Chapter 151B for the retaliation to which Plaintiff was subjected. AACA is responsible for the retaliatory actions of Plaintiff's supervisors and managers, and the Officers and Board Members of AACA as set forth above, pursuant to MGL Chapter 151B and 42 USC section 2000e. The actions of AACA and these individuals as set forth herein constitute illegal retaliation.

37. The actions of these individuals and of AACA as set forth herein constitute a violation of MGL Chapter 151B and 42 U.S.C. §2000e. The actions of Plaintifff's supervisors and managers and the AACA Board members for which AACA is responsible, were intentional, knowing and willful.

38. As a result of the illegal actions taken against Plaintiff by Mary Chin, Richard Soohoo and AACA as set forth in this Complaint, Plaintiff has been caused to suffer, and will continue to suffer, substantial financial and emotional injuries.

## COUNT I:   AGAINST ASIAN AMERICAN CIVIC ASSOCIATION FOR RETALIATION, IN VIOLATION OF M.G.L. c.151B

39.   Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-38 above.

40.   By its actions set forth above, Defendant Asian American Civic Asssociation has engaged in illegal retaliation against Edward Hsieh for reporting about and complaining about what he believed reasonably and in good faith to be illegal discrimination and harassment in his workplace. This retaliation was in violation of M.G.L. c.151B. These actions have caused Plaintiff to suffer financial and emotional harm and injuries.

WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor and against Defendant Asian American Civic Association, in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, lost future earning capacity, punitive damages, emotional pain and suffering, physical harm, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

## COUNT II:   AGAINST ASIAN AMERICAN CIVIC ASSOCIATION FOR RETALIATION, IN VIOLATION OF 42 U.S.C. Section 2000e

41.   Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-40 above.

10

42.     By its actions set forth above, Defendant Asian American Civic Asssociation has engaged in illegal retaliation against Edward Hsieh for reporting about and complaining about what he believed reasonably and in good faith to be illegal discrimination and harassment in his workplace. This retaliation was in violation of 42 U.S.C. section 2000e. These actions have caused Plaintiff to suffer financial and emotional harm and injuries.

WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor and against Defendant Asian American Civic Association, in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, lost future earning capacity, punitive damages, emotional pain and suffering, physical harm, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

## COUNT III:  AGAINST MARY CHIN FOR RETALIATION, IN VIOLATION OF M.G.L. c.151B

43.     Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-42 above.

44.     By her actions set forth above, Defendant Mary Chin has engaged in illegal retaliation against Edward Hsieh for reporting about and complaining about what he believed reasonably and in good faith to be illegal discrimination and harassment in his workplace. This retaliation was in violation of M.G.L. c.151B. These actions have caused Plaintiff to suffer financial and emotional harm and injuries.

WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor and against Defendant Mary Chin, in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, lost future earning capacity, punitive damages, emotional pain and suffering, physical harm, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

## COUNT IV:  AGAINST RICHRD SOOHOO FOR RETALIATION, IN VIOLATION OF M.G.L. c.151B

45.     Plaintiff realleges and incorporates by reference as if fully set forth herein, ¶1-44 above.

11

46.    By his actions set forth above, Defendant Richard Soohoo has engaged in illegal retaliation against Edward Hsieh for reporting about and complaining about what he believed reasonably and in good faith to be illegal discrimination and harassment in his workplace. This retaliation was in violation of M.G.L. c.151B. These actions have caused Plaintiff to suffer financial and emotional harm and injuries.

WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor and against Defendant Richard Soohoo, in an amount to be determined by this Court, including monies to compensate him for lost pay, lost benefits, lost future earning capacity, punitive damages, emotional pain and suffering, physical harm, interest, costs, attorney's fees, and such other and further relief that this Court deems just and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS AND ISSUES SO TRIABLE.

EDWARD HSIEH
By his Attorney,

/s/ Mitchell J. Notis

Mitchell J. Notis, BBO#374360
Law Office of Mitchell J. Notis
32 Kent Street
Brookline, MA 02445
Tel.: 617-566-2700

12